IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN PEREA,

    Petitioner,

v.                                                           No. 22-cv-83-MV-KBM

UNITED STATES OF AMERICA,
FNU NILIUS,

    Respondents.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

**THIS MATTER** is before the Court on Martin Perea's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 2, 2022. (Doc. 1) (the Petition"). At the time he filed his habeas petition, Petitioner was a federal pretrial detainee, and the claims he raised in his petition challenged his pretrial detention in the federal criminal case, *United States v. Perea*, 15-cr-3052-WJ-1. After he filed the Petition, Perea entered a guilty plea to two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct. *See United States v. Perea*, 15-cr-3052-WJ-1 (Doc. 167). In an Amended Judgment, entered April 21, 2023, the presiding criminal judge sentenced him to a 300-month term of imprisonment in the custody of the Federal Bureau of Prisons. (Id). It appears the Petition is moot based on the entry of the criminal judgment. Petitioner shall therefore be required to show cause why the Petition should not be dismissed.

Generally, a habeas petition that raises a challenge federal pretrial detention is rendered moot when the presiding judge in the criminal case enters its judgment. *See Williams v. Slater*, 317 F. App'x 723, 724–25 (10th Cir. 2008) (recognizing that a petitioner who "is now held as a

convicted defendant" as distinct from a pretrial detainee, "the issue [of] the legality of his continued pretrial detention" is moot). Mootness precludes the Court from exercising jurisdiction because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction. *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Accordingly, the Court will require Perea to respond in writing within thirty days showing why the Petition should not be dismissed as moot.

To the extent Perea intends to challenge the constitutionality of the judgment and sentence entered in the criminal case, he may seek relief under 28 U.S.C. § 2255. Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

**IT IS THEREFORE HEREBY ORDERED** that within thirty days of the entry of this Order, Perea must file a response showing cause in writing why the Petition should not be dismissed for lack of jurisdiction. Failure to timely respond will result in dismissal of the Petition without further notice.

_____
UNITED STATES MAGISTRATE JUDGE