IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN PEREA,

    Petitioner,

v.                                                                                                  No. 22-cv-00083-MV-KBM

UNITED STATES OF AMERICA,
FNU NILIUS,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court on Martin Perea's Response to the Court's Memorandum Opinion and Order to Show Cause, which required Perea to show cause in writing why his habeas petition should not be dismissed for lack of jurisdiction. (Doc. 8 "Show Cause MOO"; Doc. 10 "Response"). For following reasons, the Court concludes that Perea's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed February 2, 2022 (Doc. 1) (the Petition") must be dismissed for lack of jurisdiction.  Perea may seek relief pursuant to 28 U.S.C. § 2255 if he wishes to challenge his federal conviction and sentence.

    I.    <u>Procedural Background</u>

Perea commenced this case on February 2, 2022, by filing the Petition, seeking a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. When he filed the Petition, Perea was a federal pretrial detainee, seeking to challenge his pretrial detention in his then-ongoing federal criminal case, *United States v. Perea*, 15-cr-3052-WJ-1. While the Petition was pending, Perea entered a guilty plea to two counts of Production of a Visual Depiction of a Minor Engaging in Sexually Explicit Conduct. *Id.*, Doc. 167. The presiding criminal judge sentenced him to a 300-month term

of imprisonment in the custody of the Federal Bureau of Prisons. (Id). Because a habeas petition that raises a challenge to federal pretrial detention is usually rendered moot when the presiding judge in the criminal case enters its judgment, *Williams v. Slater*, 317 F. App'x 723, 724–25 (10th Cir. 2008), the Court entered the Show Cause MOO, requiring Perea to show cause why the Petition should not be dismissed for lack of jurisdiction. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (holding that mootness precludes the court from exercising jurisdiction because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.).

Perea timely filed the Response on March 19, 2024. Doc. 10. The Response does not overcome the jurisdictional issue identified in the Show Cause MOO. Accordingly, the Court shall dismiss the Petition.

II.     Discussion

"A case is moot when it is impossible for the court to grant any effectual relief whatever to a prevailing party." *In re Overland Park Fin. Corp.*, 236 F.3d 1246, 1254 (10th Cir. 2001) (internal quotation marks omitted). A federal pretrial detainee's habeas action under 28 U.S.C. § 2241 challenging the legality of his pretrial detention in a pending criminal is rendered moot by the entry of a judgment in the criminal case because, upon entry of the judgment and sentence, he ceases to be a pretrial detainee and is, instead, a convicted federal prisoner. *Williams*, 317 F. App'x at 724, citing *Thorne v. Warden, Brooklyn House of Detention for Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented."). Mootness precludes the Court from exercising jurisdiction because the existence of a live case or

controversy is a constitutional prerequisite to federal court jurisdiction. *McClendon*, 100 F.3d at 867. Because Perea is a convicted federal prisoner, his request for relief from his pretrial detention is moot. Perea's Response does not vitiate this conclusion.

For these reasons, the Court will dismiss the Petition with prejudice. The Court will also deny a certificate of appealability under Habeas Corpus Rule 11, as the absence of jurisdiction is not reasonably debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability can only issue in a habeas proceeding where petitioner "demonstrates that reasonable jurists would find the district court's assessment … debatable or wrong").

If Perea intends to challenge the constitutionality of the judgment and sentence entered in the criminal case, he may seek relief under 28 U.S.C. § 2255. Perea is advised that Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1)  The inmate was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2)  The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3)  The inmate could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

**IT IS THEREFORE HEREBY ORDERED** that the Petition (Doc. 1) is **DISMISSED** with prejudice for lack of jurisdiction and a certificate of appealability is **DENIED**.

_____
HONORABLE MARTHA VÁZQUEZ
SENIOR UNITED STATES DISTRICT JUDGE